Good morning. My name is Andrew Kaufman, representing the petitioner. Clock up a little bit. You're on TV. They need to be able to hear you. Okay. Thanks, Judge. And if I could reserve, I guess, two minutes for a rebuttal. If you're on the clock, we'll try to help you. So, I think there's two kind of overarching issues in this case. One, whether the agency abused discretion in reopening proceedings, and then second, whether substantial evidence supports the judge's decision terminating asylum. And I imagine that the court scheduled this oral argument because you have some questions for me. So, rather than rehash all the arguments from the briefs, I think I would just like to make myself available for any questions that the court has. Mr. Kaufman, I guess on the merits, what do you view is the DHS's duty to be able to reach this fine? Did they really have to conduct an overseas investigation prior to the commencement of wholly unrelated removal proceedings? So, the overseas investigation took place amid a criminal investigation, or it may have taken place after the criminal trial. But there was some questions were raised about people who were represented by the petitioner's former law firm, and so they did an investigation. And I have no reason to question their right to do an investigation, but I do think that the Department of Homeland Security had a burden of proving affirmatively that there was fraud in the petitioner's asylum application originally. And I don't think that the overseas investigation produced any evidence sufficient to prove fraud or even infer fraud. Oh, was it whether it was or not the prior step, should we deem it unavailable because they don't have a person over there investigating potential fraud at the time of the removal proceeding to establish that proceeding element? So, yes, the Department already had the very same person who investigated this case in place overseas, and he had the same job investigating potential asylum fraud or just investigating asylum applications at the time of the original removal proceeding. And so, in 2000, when this case was originally decided, DHS had the ability to do this investigation. Had they wanted to do so, they opted not to. But they did have personnel in place. They had a full procedure for doing this exact type of investigation. And the very same investigator who did the investigation in 2005 was in place doing these similar investigations in 2000. So, counsel, we should credit your view of the facts as opposed to the I.J. who said DHS's evidence was not previously available as it was only uncovered after ICE began its investigation, which prompted the seizure of the documents. Given the nature and timing of ICE's investigation, the court finds that DHS could not have discovered or presented its evidence during respondents' hearings 13 years ago. So, your view of the evidence, we should credit it and not the I.J.'s? Well, I think that given the fact that, for example, the overseas investigation into the petitioner's medical letter, given the fact that those investigators were in place and it was a very routine procedure for DHS to do overseas investigations, they still do them today, they were doing them in 2000 at the time of the removal proceeding, that evidence was previously available. And not only that, but had DHS wanted to do an investigation, all of those resources were at their disposal. I've got to say, I've been on the court for a while, and I have heard, personally, probably at least four score cases that involve the identical factual situation. It's just plain fraud. It's been fraud for a long, long, long, long time. And in this case, the government prosecuted the lawyers who were involved in the fraud. They found evidence of your client's records, all the same thing, kind of a boilerplate deal. The lawyers were convicted of fraud. And there's a term, chutzpah, which I would like to use. I think it's incredible that you're here. I really do. I mean, all due respect to you, but that your client that was caught in a clear fraud is now coming back and saying, you know, you haven't proven, based upon some testimony of the actual people, even though that was discovered before, that none of these people existed. I'm just amazed. I respectfully disagree with the claim that there's clear fraud in this case. I think there were other clients of this. Why were the lawyers convicted of fraud? The lawyers were convicted of fraud in other people's cases. And the lawyers represented your client, and there were papers in the file showing that what they filed on your client's behalf was fraud. They had the same thing for several other people, and that's part of why they were convicted. There was no finding that the papers that were filed in my client's case were fraudulent. There was a finding in a criminal trial that his former lawyers conducted fraud in other people's cases. There's never any specific finding. There's nothing in the record of this case. The identity of your client's allegations to so many others is just coincidence, is just everybody suffered exactly the same down to the word and the IJ's finding that there was fraud here. I mean, it's just like the fact that your client's case was identical to others and that they did an investigation of your client, that's just like irrelevant? So the, if you're referring to similar applications that were filed by other people or more specifically similar declarations that were filed. Almost identical, but yes, I guess almost identical is similar to the word similar. So I would say a few things. First of all, only two declarations were submitted that were similar, and there's no denying that they were remarkably similar in some respects. But both of them changed. Well, no, Judge. The Petitioner in this case submitted a declaration that was 47 paragraphs long. There were two comparison declarations filed. Both of them postdated the Petitioner's in this case. There's no evidence anywhere in the record, there's no evidence anywhere that any declaration similar to the Petitioner's in this case was ever filed before the Petitioner's. So no claim can be made that his declaration was copied from anyone else. There's two similar declarations that were submitted. Both of them postdated the Petitioner's. Let me ask you this. Is it your representation to the court as an officer of the court that what your client stated under oath the first time was true in every respect? You can't say that. That was for the Petitioner to swear. The Petitioner did, and in the first instance, the judge looked the Petitioner in the eye and credited the Petitioner. The Department had every opportunity to investigate it, to cross-examine him. They waived appeal on that case. He was found to have presented a credible claim. Mr. Goffman, since you're running into your rebuttal time, I wanted to address in your opening the availability argument. Why is it – can you address the forfeiture issue? I know you were at the counsel before the IJ, but most of these claims were not argued then. So if you look at page 55 of the Certified Administrative Record, in the first hearing after Department filed its motion to reopen, the counsel for the Petitioner, then the respondent, did tell the judge that the Petitioner was questioning whether or not the grounds for reopening were met. Right, but questioning is an argument, and the BIA found that it was forfeited. They might have found on the alternative grounds that it was met, but – Well, the BIA made a factual error saying that it was forfeited. The judge considered the issue, the Department argued the issue, and the counsel for the respondent didn't. But the judge found substantial evidence – enough, perhaps, for us to find substantial evidence that it was available and it was fraudulent, it was disqualifying. Well, so I'm not sure which issue – Let's talk about the availability issue, which is the focus. So all of the evidence was previously available, and the statute says that if that evidence was available to the Department at the time, they can't go back and have another bite at the apple later and reopen proceedings and present evidence that could have been presented in the first instance. And you think that on AR-55, that that's sufficient argument to have preserved that issue that was argued then to the BIA? I do, because counsel for the Petitioner did raise the issue at the very beginning. But then I think, more importantly, the judge's direct consideration of the issue makes that available – makes that issue available for this Court to consider. I don't think that the argument about reopening was ever forfeited.  Your time has expired. Thank you very much, counsel. Let's hear from the government. May it please the government, Robert Tennyson – may it please the Court, Robert Tennyson, for the government. The regulation specifically allows reopening for fraud. It would be perverse and strange if the Petitioner could avoid having that reopening take place by committing the very fraud that one is speaking of. Did the BIA reach that issue on the merits? The BIA does not appear to have reached the Petitioner's particular issue with respect to when the fraud could have been discovered. Instead, it found it procedurally defaulted. After the immigration judge previously, after finding that the evidence could have been – was only discoverable in 2005, when the investigation was completed. Did the government argue before the BIA that it should be procedurally defaulted? That's a good question. I don't recall what the government's argument was. But the Board can find that on its own. Yes, Your Honor. So, counsel, in response to Judge Johnstone's question, and I believe this is also the position the government took in its brief, why is the government not claiming that the BIA's statement at, I guess, AR-3, we affirm that it was proper to grant DHS's motion to reopen for the reasons stated by the immigration judge, doesn't include the reasons stated by the immigration judge on the June 26, 2013, finding that the evidence was not reasonably available to the government? Well, the immigration judge made two findings, right? The immigration judge first found that it was – that the evidence was not reasonably available to the government. And that's part of his reason why the motion to reopen was proper. Was proper, correct. So why is the BIA's statement, we affirm that it was proper to grant the DHS's motion to reopen for the reasons stated by the immigration judge? Why isn't the government saying that includes the finding that the evidence was not reasonably available? Right. I think that this Court can reach it. But remember, the immigration judge made a second finding afterwards, and that was that the Petitioner didn't procedurally default it on any arguments with regard to the discoverability of the evidence. If you look right after that first statement with respect to, you know, the evidence was – wasn't discoverable until the investigation ensued, then there's a statement that the Petitioner hasn't made any clear argument with regard to the – you know, with regard to the discoverability issue. On – before the BIA? No, made that – the immigration judge made that argument, specifically stated that. So, Mr. Tennyson, is it a double standard that, as you said, the BIA can sui sponte find forfeiture when the government doesn't raise the issue to disqualify the Petitioner's argument when they didn't make – raise the issue? Right. I think that the Board can find an issue procedurally defaulted, even if – even if the agency doesn't. And oftentimes, with the – What's the best authority for that? I'm struggling with that. I don't have a case for you on that. So, if you want, we can just go to the merits on this and just say that substantial evidence supports the agency's determination, because the agency – because the Board does have that flow-through of, we found – you know, we found the motion to reopen was proper for the reasons given by the immigration judge as well. I think what the Board was responding to was a particular argument with regard to discoverability. So, you're – you're adopting Judge Bennett's suggestion that we might be able to read the I will – I will happily adopt that, yes. So – and substantial evidence supports the immigration judge's finding in this case. Your friend on the other side has suggested that the evidence was reasonably available. In this case, the Petitioner originally asserted certain events occurred with respect to a When the lawyers' offices were invaded, they did go back and check. None of those people even existed. Is it the case that the government, when there is fraud, is the government stuck without – in other words, without going in every case to investigate every aspect of what is alleged in a petition? Is it barred, basically, from claiming later on when there is proof of fraud that they can't do it? In other words, unless they did it when they started, they're stuck. What's the situation? There's nothing like that. And in the – the motion to reopen – and with regard to motions to reopen, it's – just because someone is found, you know, not credible before, say, an INS officer, it doesn't entail that, you know, there's a basis for a whole-blown fraud investigation. One, that would be a copious amount of work for the government in the first instance. Second, the agency doesn't have any reason to start investigating fraud until there is evidence of fraud. Well, they neither have the resources for nor any statutory basis to do that, right? That is correct, Your Honor. So, with regard to termination, I think substantial evidence supports the immigration judge's finding here. We've got the template, the letters, the declaration that is nearly identical to other declarations that were filed. And with respect to the lack of a, you know, the name, the medical certificate, you know, the doctor – neither the doctor nor the hospital nor the telephone number ever turning up on a search. All of those reasons provided substantial evidence for the immigration judge to have determined that the prior asylum application was fraudulent and to therefore terminate it. If this Court has no further questions for me, I'll rest. I think that's very well said. Thank you. Thanks to both counsel for your argument. We appreciate it. The case just argued is submitted.
judges: SMITH, BENNETT, JOHNSTONE